ABRAHAM MATHEW, SBN 181110
*abraham@mathewandgeorge.com*
JACOB GEORGE, SBN 213612
*jacob@mathewandgeorge.com*
MATHEW & GEORGE
500 South Grand Avenue, Suite 2050
Los Angeles, California 90071
Telephone:   (310) 478-4349
Fax:            (310) 478-9580

SANG J PARK, SBN 232956
*sang@park-lawyers.com*
PARK APC
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone:   (310) 627-2964
Fax:            (310) 362-8279

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA OROZCO,<br><br>              Plaintiff,<br><br>       vs.<br><br>GRUMA CORPORATION, a Nevada corporation; and DOES 1 to 10,<br><br>              Defendants. | Case No.:  Case No. 1:20-cv-1290-AWI-EPG<br><br>Hon. Anthony W. Ishii<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT**<br><br>Date:    September 12, 2022<br>Time:   1:30 pm<br>Place:   Courtroom 2 |

TO THE HONORABLE ANTHONY W. ISHII, DEFENDANT GRUMA CORPORATION AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 12, 2022 at 1:30 pm or as soon thereafter as this matter may be heard in Courtroom 2 of the Eastern District Court of California, located at 2500 Tulare Street, Fresno, CA 93721, the Honorable Anthony W. Ishii presiding, Plaintiff Norma Orozco ("Orozco") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), to amend the complaint to add allegations, dismiss six of the seven causes of action, and allege a PAGA-only representative action under the Private Attorneys General Act of 2004 ("PAGA Action") (Lab. Code § 2698 et seq.)

This Court dismissed Orozco's Complaint on September 30, 2021, and Orozco timely appealed that order. During the appellate process, the Parties conducted a mediation with the Ninth Circuit Mediator and reached an agreement that will allow the parties to resolve this litigation. Pursuant to that agreement, Orozco agreed to seek approval to amend her complaint and, thereafter, seek court approval of the settlement. Defendant Gruma Corporation consented to this amendment.

Justice requires that the motion be granted pursuant to Federal Rule of Civil Procedure 15(a) as there is no undue prejudice to Defendant, no bad faith, and no delay in seeking the amendment. A copy of the proposed amended complaint (First Amended Complaint) is attached hereto as **Exhibit A**.

This motion will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Sang J Park offered in support and such other papers and argument as are properly before the Court.

|   |   |
|---|---|
| | Respectfully Submitted, |
| Dated: August 1, 2022 | MATHEW & GEORGE PARK APC |
| | By: *Sang J Park* |
| |     Sang J Park |
| | Attorneys for Plaintiff |

# EXHIBIT A

ABRAHAM MATHEW, SBN 181110
*abraham@mathewandgeorge.com*
JACOB GEORGE, SBN 213612
*jacob@mathewandgeorge.com*
MATHEW & GEORGE
500 South Grand Avenue, Suite 2050
Los Angeles, California 90071
Telephone:   (310) 478-4349
Fax:         (310) 478-9580

SANG J PARK, SBN 232956
*sang@park-lawyers.com*
PARK APC
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone:   (310) 627-2964
Fax:         (310) 362-8279

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA OROZCO,<br><br>            Plaintiff,<br><br>      vs.<br><br>GRUMA CORPORATION, a Nevada corporation; and DOES 1 to 10,<br><br>            Defendants. | Case No.: 1:20-cv-1290-AWI-EPG<br><br>Hon. Anthony W. Ishii<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** |

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. There is complete diversity between the named defendants and Plaintiff, and this matter is a civil action in which the amount in controversy, as set forth by Plaintiff's allegations, exceeds the sum of $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v Roche* (2005) 546 U.S. 81, 84, 89 (diversity jurisdiction exists when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State" and "the amount in controversy exceeds $75,000.")

2. California Labor Code §§ 2699 et seq., the "Labor Code Private Attorneys General Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

3. Plaintiff timely provided notice to the California Labor Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code § 2699.3(a), and pursuant to an amended notice on May 26, 2022 under LWDA Number LWDA-CM-713326-19, the content of which is incorporated by this reference as if alleged in full herein. Therefore Plaintiff may proceed with this action for penalties pursuant to California Labor Code § 2699, et seq.

**THE PARTIES**

4. Plaintiff is, and at all relevant times was, a citizen of the state of California. Plaintiff worked as a non-exempt and/or hourly position, from June 2004 to July 13, 2018. Plaintiff earned $13.95 an hour.

5. Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant *to La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

6. Defendant Gruma Corporation ("Gruma") was and is, upon information and belief, a Nevada corporation. At all times hereinafter mentioned, Defendant was an employer whose employees were engaged throughout this county and the State of California.

7. Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues them by such fictitious names. Each of the

DOE Defendants was in some manner legally responsible for the violations alleged. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

8. At all times, the Defendants named as DOES 1 to 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved employees in the State of California.

9. At all times, each Defendant was the agent, servant, or employee of the other Defendants and, in acting and omitting to act as alleged herein, acted within the course and scope of that agency or employment.

10. Defendants Gruma and DOES 1 to 10 are collectively referred to herein as "Defendants."

**DEFENDANTS' CONDUCT**

11. Defendants produce and distribute tortillas and corn flour in the United States and Europe. They offer corn and wheat tortillas and tortilla chips. Defendants serve institutional clients, including fast food chains, casual dining, wholesalers, and supermarkets.

12. Defendants employed Plaintiff as a non-exempt employee in their packaging production plant in Fresno, California. Plaintiff worked on an assembly line, packaging tortillas from June 2004 to July 13, 2018. Plaintiff earned $13.95 an hour.

13. During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff and aggrieved employees for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194, and applicable Industrial Welfare Commission's ("IWC") Wage Orders.

14. Defendants' company policy was to pay overtime for hours worked in excess of 40 hours per week only. Defendants did not pay overtime for hours worked over 8 hours per day. Defendants' unlawful California overtime policy was codified in their Employee Handbook.

<u>Overtime Pay</u>

…non-exempt employees will receive overtime pay at one and one-half (1-1/2) times your regular wage rate, **which will be paid for all work performed in excess of forty (40) hours in one work week**…

15. Defendants required Plaintiff to work off-the-clock past her shift until she was relieved by the next shift. Defendants would require Plaintiff to continue to work until the next shift arrived and not pay her for it. Defendants' non-exempt employees stood on lines for health checks and other long lines to clock in which was not compensated.

16. Plaintiff contends that Defendants failed to pay Plaintiff and aggrieved employees for all hours worked by using a rounding system that as applied, worked to shave and round time off from Plaintiff and aggrieved employees' workdays. Plaintiff contends that through the operation of Defendants' rounding system, Plaintiff and aggrieved employees would systematically be deprived of compensable time because the time recording system implemented by Defendants resulted in understating actual compensable work time due to the rounding resulting in payments lower than the applicable minimum wage. Plaintiff contends that Defendants rounded rest and meal period times resulting in Plaintiff and aggrieved employees receiving late and or shortened meal periods.

17. Plaintiff and aggrieved employees were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

18. Defendants' non-exempt employees were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

    (a) employees were regularly not authorized or permitted full thirty-minute meal periods for work days in excess of five and/or ten hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders;

(b)    employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period";

(c)    employees were required to work longer than five hours before being allowed to take a meal period;

(d)    employees were severely restricted in their ability to take a meal period.

19.    Further, Defendants failed to provide Plaintiff and aggrieved employees their second meal periods for shifts longer than ten hours.

20.    Defendants' unlawful California meal period policy was codified in their Employee Handbook.

Meal Periods

A thirty (30) minute unpaid meal period shall be granted at approximately **the midpoint of the workday** for non-exempt employees who are scheduled to work more than five (5) hours in a workday…**There may be occasions when you are eligible for a paid meal period. If you are eligible for a paid meal period, you will be required to stay on Company property during this period**.

21.    Plaintiff and aggrieved employees were not authorized or permitted lawful rest breaks, and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code § 226.7 and applicable IWC Wage Orders.

22.    Defendants' unlawful California rest break policy was codified in their Employee Handbook.

Rest Periods

Employees are granted ten (10) minute rest periods for every two (2) hours of work or major portion thereof. **Your supervisor will release you for your rest periods**. **The first rest period will generally be taken at approximately the midpoint of the first one-half of the workday, and the second at approximately the midpoint of the second one-half of the workday. An additional break of ten (10) minutes will be given at the end of a scheduled shift, if you will be required to work two (2) or more hours beyond your scheduled shift**. These rest periods will be compensated for as if

you had been working… **In some positions, you may be required to punch out and in for rest periods even though you will be paid for the time**.

23. As a result, Defendants failed to timely pay Plaintiff and aggrieved employees for all wages owed to them and Plaintiff and aggrieved employees' paychecks did not include all wages owed to Plaintiff and aggrieved employees.

24. Defendants also failed to correctly record Plaintiff and aggrieved employees' meal periods as required by Labor Code § 1198 and IWC Wage Orders. Plaintiff contends that Defendants failed, and continues to fail, to keep the required time and pay records, accurate and complete records showing total hours worked by each employee at the proper pay rate.

25. Plaintiff contends that Defendants did not pay wages due and payable pursuant to Labor Code § 216.

26. Plaintiff contends that the wage statements provided to Plaintiff and aggrieved employees were not accurate and did not include all of the statutorily required information in violation of California Labor Code § 226.

27. Plaintiff contends that Defendants' violations with respect to meal periods, rest periods, recordkeeping provisions, and minimum/overtime wages result in separate violations of sections 1198 and 1199.

28. Plaintiff contends that Defendants required Plaintiff and aggrieved employees to submit to an unlawful criminal and/or financial background check as a condition of obtaining and/or holding employment. Furthermore, Plaintiff contends that Defendants asked about arrests not resulting in convictions on its employment application.

29. Plaintiff contends that Defendants failed to provide seating for Plaintiff and aggrieved employees. Plaintiff contends that there were no seats provided for manufacturing associates, warehouse workers, nor any other non-exempt workers employed by Defendants as required per the applicable IWC Wage Order 1-2001, §14(A-B).

30. Plaintiff contends that Defendants failed to provide paid sick leave to Plaintiff and aggrieved employees and or failed to properly accrue paid sick leave by virtue of Defendants' failure to base the paid sick leave on the accurate number of hours worked (due to

its off the clock work policies described herein) and or for failure to incorporate all forms of non-discretionary remuneration into the owed sick pay calculation, including but not limited to, bonus and or shift pay differential as well as for failing to incorporate the weighted average method in determining the accurate regular pay rate for purposes of calculating the owed sick pay.

31. Plaintiff alleges that Defendants failed to pay all earned wages twice during each calendar month in violation of Labor Code § 204.

32. Plaintiff contends that Defendants still have not paid aggrieved employees all wages earned and unpaid at the time of discharge, in that Defendants have not paid for: (1) time during which meal periods were not provided/valid, (2) all unpaid minimum wages and (3) all unpaid overtime wages.

### FIRST CAUSE OF ACTION
### Violation of California Labor Code §§ 2698, et seq.
### (Plaintiff against all Defendants)

33. Plaintiff incorporates all paragraphs above as though fully set forth herein.

34. California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code.

35. At all times, PAGA was applicable to Plaintiff's employment by Defendants.

36. At all times, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

37. Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

38. Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, Aggrieved Employee. Plaintiff and other employees are Aggrieved Employees as defined by California Labor Code § 2699(c)

in that they are all current or former employees of Defendants who are or were employed by Defendants, and one or more of the alleged violations were committed against them.

39. Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a) The aggrieved employee shall give written notice ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b) The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

40. On May 26, 2022, Plaintiff provided written notice online to the LWDA amending her July 1, 2019 written notice online to the LWDA, and by certified mail to Defendants, of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, the content of which is incorporated by this reference as if alleged in full herein.

41. Plaintiff has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 98.6, 200, 201, 202, 203, 204, 204b, 204(d), 210, 216, 218.5, 221-223, 226, 226(a), 226(e), 226.3, 226.6, 226.7, 245-248.5, 256, 432.5, 432.7, 510, 512, 512(a), 558, 558.1, 1024.5, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2441, 2698,

2699, 2802, 2810 and all applicable IWC Orders.

42. Pursuant to California Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff and all other aggrieved employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 98.6, 200, 201, 202, 203, 204, 204b, 204(d), 210, 216, 218.5, 221-223, 226, 226(a), 226(e), 226.3, 226.6, 226.7, 245-248.5, 256, 432.5, 432.7, 510, 512, 512(a), 558, 558.1, 1024.5, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2441, 2698, 2699, 2802, 2810 and all applicable IWC Orders.

43. Further Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 2699 and any other applicable statute.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1. That the Court declare, adjudge and decree that Plaintiff is deemed to be a representative of all non-exempt employees of Defendants in the State of California under the Private Attorney General Act and that Defendants violated the following California Labor Code sections as alleged herein.

2. For civil penalties pursuant to California Labor Code § 2699(a) and/or 2699(f) and (g) in the amount of at least one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 98.6, 200, 201, 202, 203, 204, 204b, 204(d), 210, 216, 218.5, 221-223, 226, 226(a), 226(e), 226.3, 226.6, 226.7, 245-248.5, 256, 432.5, 432.7, 510, 512, 512(a), 558, 558.1, 1024.5, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2441, 2698, 2699, 2802, 2810 and all applicable IWC Orders.

3. For reasonable attorneys' fees and costs of suit incurred herein, and

4. For such other and further relief as the Court may deem equitable and appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: August 1, 2022 | MATHEW & GEORGE PARK APC |
|  | By: /s/ Sang J Park<br>       Sang J Park |
|  | Attorneys for Plaintiff |