1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

NORMA OROZCO,

        Plaintiff,

      v.

GRUMA CORPORATION, a Nevada corporation; and DOES 1 to 10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:20-cv-1290-AWI-EPG

Judge: Hon. Anthony W. Ishii

Removed from Fresno County Superior Court, Case No. 20CECG01783

**[PROPOSED] ORDER RE MOTION TO APPROVE PAGA SETTLEMENT AND DISMISSAL OF ACTION**
(Doc. No. 36)

Plaintiff NORMA OROZCO ("Plaintiff") moved for an order to approve a PAGA settlement ("PAGA Settlement") amongst the parties ("Motion"), submitted the Declaration of Sang J Park in support thereof, the parties submitted a Joint Stipulation in Support of Motion for Approval of PAGA Settlement ("Stipulation") and Defendant Gruma Corporation does not oppose the Motion. Plaintiff gave notice to California's Labor Workforce Development Agency of the PAGA Settlement and her Motion on September 1, 2022. Hearing on the motion was set for October 3, 2022. In response to Plaintiff's motion for approval, the Court to date has only received a notice of non-opposition by Defendant Gruma corporation. Because no oppositions of any kind were received, the motion was taken under submission without argument.

The Court has reviewed all papers submitted in support of the Motion, any opposition to the motion and, following hearing or the Court's conclusion that no hearing is warranted, finds that GOOD CAUSE having been shown, the Court hereby GRANTS the Motion (Doc. No. 36) and makes the following findings and ORDERS:

1.    The parties arrived at the settlement following adequate informal and formal discovery, arms-length negotiations that evaluated the risks and expenses of further proceedings and benefits of resolution and, with the assistance of the Ninth Circuit Mediator, entered into a comprehensive settlement agreement on or about May 20, 2022 ("Agreement").

2.    Each party was represented by competent counsel experienced in California wage and hour litigation, including class action and PAGA litigation.

3.    Pursuant to Plaintiff's Complaint filed June 15, 2020 in the County of Fresno and removed to this Court ("Complaint"), First Amended Complaint ("FAC") filed on August 8, 2022 (Dkt#34) (Complaint and FAC, collectively, also "the Lawsuit"), the California Labor Workforce Development Agency ("LWDA") letter filed July 1, 2019, and the Amended LWDA letter filed May 26, 2022, Plaintiff seeks civil penalties pursuant to California Labor Code § 2698 *et seq.*, for herself and all of Defendant Gruma Corporation's ("Defendant") nonexempt employees working in California, at any time from September 21, 2020 through the date of payment of the Settlement Fund ("Persons Covered") after the Court grants final approval of the PAGA Settlement ("Settlement Period") arising from alleged violations of the California Labor Code, Wage Orders, regulations, and/or any other provisions of state and federal law that the Persons Covered suffered Labor Code violations based on (1) non-compliant rest breaks, (2) non-compliant meal periods, (3) non-compliant meal and rest period premium payments, (4) unpaid minimum and overtime wages, (5) failure to pay all wages at the agreed-upon rate, (6) standard conditions of labor violations, (7) suitable seating violations, (8) failure to comply with paid sick leave laws, (9) statutory wage violations, (10) background check violations, (11) failure to properly calculate the regular rate of pay for all purposes, (12) untimely payment of earned wages during employment and at separation of employment, and (13) non-compliant wage statements, and any other Labor Code violations that were alleged in the Lawsuit, or that could have been alleged in the Lawsuit based on the facts

[PROPOSED] ORDER RE MOTION TO
APPROVE PAGA SETTLEMENT

2034401.1

1   alleged in the Lawsuit or such facts as accrued to the Covered Persons since the

2   filing of the Lawsuit, which includes alleged violations of Labor Code sections 200,

3   201, 202, 203, 204, 204b, 204(d),  210, 216, 218.5, 221-223, 226, 226(a), 226(e),

4   226.3, 226.6, 226.7, 245-248.5, 256, 432.5, 432.7, 510, 512, 512(a), 558, 558.1,

5   1024.5, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2441, 2698, 2699, 2802,

6   2810.5 and all applicable IWC Wage Orders (collectively, "Released Claims").

7   4.   The terms of the Agreement identified in the Stipulation between Plaintiff and

8       Defendant are fair, adequate, reasonable and equitable between Plaintiff, Defendant,

9       the Persons Covered, and the State of California, and fulfill the policies underlying

10      California's Private Attorney General Act and the Stipulation is not arbitrary,

11      oppressive or confiscatory and the Court hereby approves the Stipulation and directs

12      the named parties to effectuate the Agreement according to its terms.  The Court

13      also finds that the Stipulation and Agreement will avoid additional and potentially

14      substantial litigation costs, as well as delay and risks if the parties were to continue

15      to litigate the case.  The Court has reviewed the monetary recovery being provided

16      as part of the Agreement and recognizes the significant value afforded to LWDA,

17      Plaintiff, and the Persons Covered.

18  5.   The Agreement is not an admission by Defendant, nor is this Order a finding of the

19      validity of any allegation or of any wrongdoing by Defendant.  Neither this Order,

20      the Stipulation, the Agreement, nor any document referred to herein, nor any action

21      taken to carry out the Agreement, may be used as an admission of any fault,

22      wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

23  6.   In accordance with the Stipulation and Agreement, which the Court hereby

24      approves, based on good cause showing for the reasons set forth in Plaintiff's

25      motion and supporting papers, and with no objection received from Defendant:  The

26      total payment shall be a maximum amount of Five Hundred Twenty-Five Thousand

27      ($525,000.00) (the "Gross Settlement Amount"), which includes any and all

28      payments to the Persons Covered, payment to the LWDA, Plaintiff's Counsels' fees

[PROPOSED] ORDER RE MOTION TO
APPROVE PAGA SETTLEMENT

2034401.1

1    and costs, litigation costs and expenses, taxes, withholdings, expenses, civil penalty

2    payments pursuant to the PAGA, any incentive payment or service award for

3    Plaintiff, and settlement administration costs and all third-party costs of settlement

4    administration; the Released Claims are hereby released and the LWDA and all

5    Persons Covered are hereby permanently enjoined from pursuing, or seeking to

6    reopen, any Released Claims against any Released Parties.  Defendant shall not be

7    required to pay more than Five Hundred Twenty-Five Thousand ($525,000.00) in

8    conjunction with the Settlement and this Order.

9    7.    $175,000 of the Gross Settlement Amount will be used to pay Plaintiff's attorneys'

10    fees.  $8,247 of the Gross Settlement Amount will be used to pay Plaintiff's

11    attorneys' costs.  $5,000 will be used to pay the PAGA Representative.  $10,637

12    will be used to pay the Third-Party Administrator's ("TPA") costs.

13    8.    $326,116 represents the amount payable to the LWDA and the Persons Covered.

14    Seventy-five percent (75%) (*i.e.*, $244,587) will be distributed to the LWDA as

15    required by PAGA and the remaining (25%) (*i.e.*, $81,529) will be distributed to the

16    Persons Covered ("Net PAGA Settlement Amount").

17    9.    The individual PAGA payments to the Persons Covered shall be issued from the

18    25% portion of the Net PAGA Settlement Amount by dividing each Persons

19    Covered's Individual PAGA Pay Periods by the Total PAGA Pay Periods and

20    multiplying this result by the 25% portion of the Net PAGA Settlement Amount.

21    "Total PAGA Pay Periods" for this PAGA Settlement is the total number of pay

22    periods worked by all Persons Covered during the Settlement Period according to

23    Gruma's business records.  "Individual PAGA Pay Periods" will be the total number

24    of pay periods worked by an individual Person Covered during the Settlement

25    Period according to Gruma's business records.

26    10.    The payments to Persons Covered will not be reduced by payroll tax withholding

27    and deductions; instead, the TPA will issue to the Persons Covered an IRS Form

28    1099 and its state and local equivalents with respect to each individual PAGA

4                    [PROPOSED] ORDER RE MOTION TO
                     APPROVE PAGA SETTLEMENT

2034401.1

1        payment allocated to penalties.

2    11.    The Gross Settlement Amount will be funded by Defendant within twenty (20) days

3        after the Court's order granting final approval of the PAGA Settlement is final and

4        no longer subject to appeal ("Approval").  Gruma will cooperate with a TPA

5        (designated by Plaintiff, and subject to Gruma's approval, and paid for from the

6        Gross Settlement Amount) to provide distributions to the LWDA and the Persons

7        Covered.

8    12.    Within fourteen (14) calendar days after Approval, Defendant will provide the TPA

9        a complete list of all Persons Covered ("Employee List"). The Employee List will

10        be formatted in Microsoft Office Excel and will include each Persons Covered's full

11        name; most recent mailing address and telephone number; Social Security number;

12        the respective number of pay periods during which each Persons Covered worked

13        during the Settlement Period and any other relevant information needed to calculate

14        settlement payments.  Except for identifying the total number of Persons Covered

15        contained therein, the Employee List, including identification and contact

16        information, is confidential and shall not be shared with Plaintiff or Plaintiff's

17        Counsel, unless Gruma consents to the disclosure in writing or unless the Court

18        orders the disclosure.  Using the provided information and after making any updates

19        as necessary, the TPA will perform an address check via the UPS National Change

20        of Address database and update any necessary addresses for the Persons Covered.

21    13.    As soon as practical after funding of the Gross Settlement Amount, ("Date of

22        Settlement Payments"), the TPA will issue payments to: (a) Persons Covered; (b)

23        the LWDA; (c) Plaintiff; (d) Plaintiff's Counsel; and (e) itself. The TPA, and not

24        Defendant, will issue the appropriate tax forms for all payments issued under this

25        PAGA Settlement. In the event of any court orders or appeals following Approval

26        prevent funding of the PAGA Settlement, the TPA shall ensure that the funds are

27        placed in an interest-bearing account until the resolution of all such orders or

28        appeals.  Following the resolution of any orders or appeals, the TPA shall issue the

5        [PROPOSED] ORDER RE MOTION TO
         APPROVE PAGA SETTLEMENT

1   payments as set forth above within (14) calendar days after the orders or appeals are

2   final and no longer subject to any appeal.  In the event the PAGA Settlement is not

3   finally approved following any such orders or appeal(s), the amounts funded by

4   Defendant shall be refunded to Defendant, including all interest earned.

5   14.   On the Date of Settlement Payments, the TPA will issue to each of the Persons

6   Covered one check for his or her share of the individual PAGA payment (as set

7   forth in paragraph 11 above) along with an explanatory notice which will be

8   mutually approved by the parties. Prior to mailing, the TPA will perform a search

9   based on the UPS National Change of Address Database for information to update

10   and correct for any known or identifiable address changes. Any checks returned as

11   non-deliverable on or before the check cashing deadline will be sent promptly via

12   regular First-Class U.S. Mail to the forwarding address affixed thereto. If no

13   forwarding address is provided, the TPA will promptly attempt to determine the

14   correct address using a skip-trace, or other search using the name, address or Social

15   Security number of the Persons Covered involved and will then perform a single re-

16   mailing. Checks will remain negotiable for 180 days. Those funds represented by

17   un-cashed checks which remain outstanding 180 days after the mailing of the

18   settlement checks by the TPA will be tendered to the unclaimed property fund of

19   The State Controller's Office. All settlement payments to Persons Covered will be

20   treated as miscellaneous income for which a 1099 will be issued.  Plaintiff will

21   assume any tax obligations or consequences which may arise under the Agreement

22   and will hold Defendant free and harmless from and against any claims resulting

23   from the tax treatment of such payments. If any state or federal taxing authority

24   contacts, investigates, or pursues any action against Plaintiff for her individual share

25   of taxes related to any payments made under the Agreement, Plaintiff will be

26   responsible for her own defense of and payment for any claim of unpaid taxes,

27   interest, or penalties brought by any state or federal taxing authority for her share of

28   any state or federal tax obligation related to any payments made under the

[PROPOSED] ORDER RE MOTION TO
APPROVE PAGA SETTLEMENT

2034401.1

1    Agreement.

2    15.    Once the PAGA Settlement is final and no longer subject to appeal, Plaintiff and her

3           counsel shall dismiss her Class/PAGA appeal with the Ninth Circuit with prejudice.

4           In the event Plaintiff does not timely file the dismissal of her Class/PAGA appeal

5           with prejudice, Gruma may proceed to do so.

6    16.    The Court hereby confirms Sang J Park of Park APC and Jacob George of Mathew

7           & George as PAGA Counsel; Norma Orozco as the PAGA Representative; and

8           Atticus Administration, LLC, as the TPA.

9    17.    The Court determined that the amount sought for attorneys' fees and costs, $175,000

10           and $8,247, respectively, is reasonable within the meaning of Labor Code section

11           2699(g)(1).

12    18.    The Court determined that the payment in the amount of $5,000 to the Plaintiff as

13           the PAGA Representative is reasonable.

14    19.    The Court determined that the payment in the amount of $10,637 to the TPA,

15           Atticus Administration, LLC is reasonable.

16    20.    The TPA shall make the payments to the LWDA, the Persons Covered, Plaintiff's

17           counsel, Plaintiff, and to the TPA as provided for herein.

18    21.    The Court further finds that notice of the Agreement has been timely provided to the

19           LWDA, as required by PAGA and Labor Code section 2699, subdivision (1)(2), in

20           particular.

21    22.    Neither the Agreement, the Stipulation nor any act performed or document executed

22           pursuant to or in furtherance of a PAGA Settlement (a) is or may be or may be used

23           as an admission of, or evidence of, the validity of any Released Claims, or of any

24           wrongdoing or liability of the Released Parties, or any of them; or (b) is or may be

25           deemed to be or may be used as an admission of, or evidence of, any fault or

26           omission of the Released Parties, or any of them, in any civil, criminal or

27           administrative proceeding in any court, administrative agency or other tribunal.

28           Defendant may file the Stipulation and/or this Order in any other action that may be

7                    [PROPOSED] ORDER RE MOTION TO
                     APPROVE PAGA SETTLEMENT

1          brought against it in order to support a defense or counterclaim based on principles

2          of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

3          reduction or any theory of claim preclusion or similar defense or counterclaim.

4    23.    This action is dismissed in its entirety with prejudice as to all of Plaintiff's

5          individual claims asserted in the action and as to the Released Claims to the extent

6          they are asserted on behalf of the Persons Covered.

7    24.    This Court shall retain jurisdiction over any issues that may arise with respect to

8          enforcing the terms of the PAGA Settlement.

9    25.    Following distribution of the settlement proceeds, Plaintiff is ordered to report to the

10        Court that the proceeds have been distributed and this action will thereafter be

11        dismissed with prejudice in its entirety.

12

13

14 IT IS SO ORDERED.

15 Dated:    October 7, 2022                             

16                           SENIOR  DISTRICT  JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE MOTION TO
APPROVE PAGA SETTLEMENT

2034401.1